John E. Schreiber (SBN: 261558)
JSchreiber@winston.com
Brandon W. Annette (SBN: 339385)
BAnnette@winston.com
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:    +1 213-615-1700
Facsimile:     +1 213-615-1750

*Attorneys for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PDF SOLUTIONS, INC.,<br><br>    Petitioner,<br><br>    v.<br><br>SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION F/K/A SMIC ADVANCED TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORP.,<br><br>    Respondent. | **Case No. 5:26-cv-2796**<br><br>**SPECIALLY APPEARING RESPONDENT SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Assigned to:     Judge Eumi K. Lee<br><br>Date:              August 26, 2026<br>Time:             10:00 a.m.<br>Courtroom:      7<br><br>Petition Filed:   March 31, 2026<br><br>Trial Date:       None Set |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 26, 2026, at 10:00 a.m., or as soon thereafter as this matter can be heard, in the courtroom of the Honorable Eumi K. Lee (Courtroom 7) of the above-titled Court, located at 280 South First Street, San Jose, CA 95113, Specially Appearing Respondent SMIC New Technology Research & Development (Shanghai) Corporation ("SMIC New Technology") will, and hereby does, respectfully move the Court for dismissal of this proceeding (i) under Rule 12(b)(5) for insufficient service of process, and (ii) under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**By way of this motion, SMIC New Technology specially appears for the purpose of raising the referenced service of process and personal jurisdiction defects. SMIC New Technology does not make a general appearance.**

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Yong Wang, the Declaration of Bin Ye, the Declaration of John E. Schreiber, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion. This Motion is made following the conference of counsel pursuant to Civil Standing Order VIII.A, which took place on May 22, 2026.

Dated: May 29, 2026

**WINSTON & STRAWN LLP**

By: */s/ John E. Schreiber*
    John E. Schreiber

*Attorney for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*

---

**ISSUES TO BE DECIDED (CIV. L.R. 7–4 (A)(3))**

1.      Whether the Court should dismiss the Petition, pursuant to Federal Rule of Civil Procedure 12(b)(5), for ineffective service of process on SMIC New Technology.

2.      Whether the Court should dismiss the Petition, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction over SMIC New Technology.

Dated: May 29, 2026                     **WINSTON & STRAWN LLP**


By: */s/ John E. Schreiber*
    John E. Schreiber

*Attorney for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND BACKGROUND ....................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.    Petitioner Has Not Served SMIC New Technology ....................................................... 3

II.   This Court Lacks Personal Jurisdiction Over SMIC New Technology ......................... 7

      A.    The Court Lacks General Jurisdiction Over SMIC New Technology ............... 7

      B.    The Court Lacks Specific Jurisdiction Over SMIC New Technology ............... 8

III.  Even if Service and Personal Jurisdiction Were Both Proper, This Action Should Be Stayed in Light of the Competing, Prior-Filed Application in Hong Kong ............................................ 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*180Squared, Inc. v. Allo Twin Cities LLC*,
2013 WL 12146129 (N.D. Cal. Jan. 18, 2013) ........................................................................10

*Asahi Metal Indus. Co. v. Super. Ct.*,
480 U.S. 102 (1987) ................................................................................................................11

*Aurora Corp. of Am. v. Michlin Prosperity Co.*,
2015 WL 5768340 (C.D. Cal. Sept. 29, 2015) ........................................................................7

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
874 F.3d 1064, 1069 (9th Cir. 2017) .......................................................................................8

*BDC Advisors, LLC v. JFK Health Sys, Inc.*,
1998 WL 283581 (N.D. Cal. May 22, 1998) .........................................................................10

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ....................................................................................................3

*Cox v. CoinMarketCap OpCo LLC*,
112 F.4th 822 (9th Cir. 2024) ...................................................................................................7

*CRS Recovery, Inc. v. Laxton*,
2008 WL 11383537 (N.D. Cal. Jan. 8, 2008) ..........................................................................4

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ...............................................................................................................7, 8

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ..................................................................................................7

*Davis v. Cranfield Aerospace Sols., Ltd.*,
71 F.4th 1154 (9th Cir. 2023) ..........................................................................................8, 9, 11

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) ....................................................................................................3

*Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*,
480 F. Supp. 3d 977 (N.D. Cal. 2020) .....................................................................................4

*First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*,
703 F.3d 742 (5th Cir. 2012) ....................................................................................................7

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002) .............................................................................................7, 11

*Gray & Co. v. Firstenberg Mach. Co.*,
  913 F.2d 758 (9th Cir. 1990) .........................................................................................9, 10

*Green Renewable Organic & Water Holdings, LLC v. Bloomfield Invs., LLC*,
  2022 WL 6271915 (N.D. Cal. Sep. 22, 2022) ..........................................................................12

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
  72 F.4th 1085 (9th Cir. 2023) ...................................................................................................8

*Herman Miller Inc. v. Alphaville Design Inc.*,
  2009 WL 3429739 (N.D. Cal. Oct. 22, 2009)............................................................................6

*Hernandez v.Mimi's Rock Corp.*,
  632 F. Supp. 3d 1052 (N.D. Cal. 2022) ..................................................................................11

*High Sharp Elec. Ltd. v. Semiconductor Mfg. Int'l Corp.*,
  2026 WL 974517 (N.D. Cal. Apr. 10, 2026) ........................................................................2, 6

*HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*,
  417 F. App'x 664 (9th Cir. 2011) .............................................................................................9

*Jones v. James Trading Co.*,
  2019 WL 6354392 (C.D. Cal. July 3, 2019)......................................................................4, 5, 6

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ..................................................................................................10

*U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*,
  636 F. App'x 947 (9th Cir. 2016) .....................................................................................4, 5, 6

*Nifty Quarter Inc. v. Fresh Folded Laundry LLC*,
  2023 WL 5246343 (S.D. Cal. Aug. 15, 2023) ..........................................................................9

*Pavlovich v. Super. Ct.*,
  29 Cal. 4th 262 (2002) ..............................................................................................................7

*Ratha v. Phatthana Seafood Co.*,
  35 F.4th 1159 (9th Cir. 2022) ...................................................................................................8

*Sarkis v. Lajcak*,
  2009 WL 336079 (N.D. Cal. Oct. 15, 2009)..............................................................................9

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ..........................................................................................7, 8, 11

*Selhorst v. Alward Fisheries, LLC*,
  2011 WL 4974568 (N.D. Cal. Oct. 19, 2011)............................................................................9

*Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*,
　164 F.4th 164 (2d Cir. 2025) .................................................................................................4

*Swenberg v. Dmarcian, Inc.*,
　68 Cal. App. 5th 280 (2021) ..................................................................................................9

*Teetex LLC v. Zeetex, LLC*,
　2022 WL 17420385(N.D. Cal. Dec. 5, 2022)........................................................................10

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
　486 U.S. 694 (1988)...............................................................................................................4

*Vons Cos., Inc.. v. Seabest Foods, Inc.*,
　14 Cal. 4th 434 (1996) ...........................................................................................................7

*Wickline v. United Micronesia Dev. Assoc., Inc.*,
　2014 WL 2938713 (N.D. Cal. June 30, 2014)......................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
　444 U.S. 286 (1980)..............................................................................................................11

**Statutes**

Cal. Civ. Proc. Code § 413.10 .....................................................................................................5

Cal. Civ. Proc. Code § 416.10(b).................................................................................................5

Cal. Corp. Code § 2110................................................................................................................5

**Other Authorities**

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (June 10,
　1958), 21 U.S.T. 2517, 330 U.N.T.S. 38, art. VI................................................................11

Fed. R. Civ. P. 4.............................................................................................................2, 3, 4, 5

Fed. R. Civ. P. 4(c)(1)..................................................................................................................3

Fed. R. Civ. P. 4(e)(1)..................................................................................................................4

Fed. R. Civ. P. 4(f).......................................................................................................................3

Fed. R. Civ. P. 4(h) ......................................................................................................................3

Fed. R. Civ. P. 4(h)(1)(A) ............................................................................................................4

Fed. R. Civ. P. 12(b)(2)........................................................................................................1, 2, 3

Fed. R. Civ. P. 12(b)(5)........................................................................................................1, 2, 3

**INTRODUCTION AND BACKGROUND**[1]

Specially Appearing Respondent SMIC New Technology Research & Development (Shanghai) Corporation ("SMIC New Technology") is a Chinese company, incorporated under the laws of the People's Republic of China, that operates solely in China and has no offices, property, assets, or employees located in the United States, let alone in California. Dkt. No. 1 ("Petition") ¶ 2; Wang Decl. ¶¶ 4–6. By this Motion, SMIC New Technology respectfully requests that the Court dismiss this action for (1) ineffective service of process and (2) lack of personal jurisdiction. In the event the Court were to reject those arguments and deny the instant Motion (and it should not), SMIC New Technology would—in the interests of judicial efficiency and avoiding the risk of inconsistent adjudications—promptly move to stay this action pending resolution of a pre-existing, substantially similar proceeding before the High Court of the Hong Kong Special Administrative Region Court of First Instance that is expected to moot this action altogether.

By this action, Petitioner PDF Solutions, Inc. ("Petitioner" or "PDF") seeks to have this Court confirm an arbitration award issued by the Hong Kong International Arbitration Centre involving a contractual dispute between PDF and SMIC New Technology (the "Hong Kong Arbitration Award"). *See generally* Dkt. No. 1. The underlying contracts between the parties called for PDF to provide certain services to SMIC New Technology to improve its manufacturing and testing processes in the hope of increasing product yield, quality and reliability at its facilities in Shanghai. *See id.*, Exs. 1, 3–4. Disputes arose concerning PDF's performance under the operative contracts, and the parties each asserted that the other had breached its contractual obligations. *Id.*, Ex. 1 at 44–49. As required by the governing agreements, the parties' disputes were submitted to "binding arbitration … conducted by the Hong Kong International Arbitration Centre, in accordance with its rules, in Hong Kong." *Id.* ¶ 12. Following an evidentiary hearing, the Hong Kong International Arbitration Centre issued an arbitration award on November 12, 2025. *Id.* ¶ 17. Promptly thereafter, SMIC New Technology timely filed an application with the High Court of the Hong Kong Special Administrative Region Court of First Instance to set aside the award. *Id.* ¶ 19; Schreiber Decl. ¶ 6. That application remains pending, with an upcoming hearing

---

[1] Unless otherwise noted, all internal citations and quotations are omitted, and all emphasis is added.

scheduled for September 4, 2026. Schreiber Decl. ¶ 7.

In a brazen attempt to end-run the pending proceeding before the Hong Kong court—and the primary jurisdiction of the Hong Kong court to consider and either vacate or confirm an arbitration award issued in Hong Kong by the Hong Kong International Arbitration Centre—PDF has now filed a competing application in this Court. PDF's blatant forum-shopping should not be countenanced. Nor can it be, as:

(1) ***SMIC New Technology has not been properly served***. As Petitioner acknowledges, "SMIC New Technology … is a corporation incorporated under the laws of the People's Republic of China ('PRC' or 'China'), with its principal place of business located at No. 18 Zhangjiang Road, Pudong New Area, Shanghai, PRC 201203." Dkt. No. 1 ¶ 2. Petitioner has not, to date, served SMIC New Technology through the Hague Convention, as required, however. Schreiber Decl. ¶¶ 4–5; Wang Decl. ¶ 12. Rather, Petitioner claims to have served SMIC New Technology by mailing the summons and Petition to a different entity—SMIC, Americas—located at an address in San Jose, California. Dkt. No. 12 (addressing summons to SMIC New Technology "c/o SMIC, Americas" at the San Jose address). But SMIC, Americas is neither an agent, parent, nor subsidiary of SMIC New Technology. It is, at most, a sister company insofar as both are subsidiaries (one direct, the other indirect) of Semiconductor Manufacturing International Corporation ("SMIC"). *See* Wang Decl. ¶ 9; *id*. Ex. 1 (SMIC 2025 Annual Report) at 133. As discussed below, that is patently insufficient for purposes of service of process under Rule 4, as both this Court and the Central District have recently held under substantially identical circumstances involving another plaintiff's effort to serve a China-based SMIC subsidiary via SMIC, Americas. *See High Sharp Elec. Ltd. v. Semiconductor Mfg. Int'l Corp.*, 2026 WL 974517, at *4 (N.D. Cal. Apr. 10, 2026) (Davila, J., granting motions to dismiss); Schreiber Decl. ¶ 8, Ex. 2.

(2) ***Even if service of process in San Jose on SMIC, Americas were effective (it is not), this Court does not have personal jurisdiction over SMIC New Technology***. Again, SMIC New Technology is a Chinese corporation that is headquartered, and operates solely, in China. *See* Wang Decl. ¶ 4.  It has no offices, property, assets, or employees located in the United States, let alone California. *Id.* ¶ 5. Moreover, the disputed services that PDF provided to SMIC New Technology under the parties'

---

SPECIALLY APPEARING RESPONDENT SMIC NEW TECHNOLOGY'S MOTION TO DISMISS, CASE NO. 5: 26-CV-2796

2

underlying contracts were provided in *China* at SMIC New Technology's facilities in *Shanghai*. *See* Ye Decl.¶ 3. To be sure, PDF's alleged principal place of business is in California. Dkt. No. 1 ¶ 1. But that is wholly insufficient to convey personal jurisdiction over SMIC New Technology, as demonstrated below.

For these reasons, the Petition should be dismissed without leave to amend. In the event the Court were to conclude *both* that service of process was effective (it was not) *and* that it has personal jurisdiction over SMIC New Technology (it does not)—and thus deny the instant Motion—SMIC New Technology would, in the interests of judicial economy and the avoidance of conflicting adjudications, promptly move this Court to stay any further proceedings in this action until the Hong Kong court has resolved the pending application before it that addresses precisely the same subject matter.

## ARGUMENT

### I.   Petitioner Has Not Served SMIC New Technology

As a threshold matter, the Court must dismiss the Petition because PDF has failed to serve SMIC New Technology. "A federal court does not have jurisdiction over a [respondent] unless the [respondent] has been served properly under Fed. R. Civ. P. 4" (*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988)), and the Court should grant a motion to dismiss under Rule 12(b)(5) where, as here, Petitioner has failed to effect proper service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged," such as through this Motion, "[Petitioner] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Under Rule 4, Petitioner "is responsible for having the summons and complaint served" on SMIC New Technology. Fed. R. Civ. P. 4(c)(1). A "foreign corporation … must be served: (1) in a judicial district of the United States," if present in one, or "(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." *Id.* at 4(h). Rule 4(f), in turn, authorizes extraterritorial service on a Chinese Respondent only through "the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *See id*. at 4(f).

Petitioner has failed to effectively serve SMIC pursuant to Rule 4. For one, Petitioner has not, to date, served SMIC New Technology through the Hague Convention as required by Rule 4(c)(1) and 4(f).

This Court has observed that "[t]he United States and China are both parties to the Hague Service Convention," and its procedures "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," with any other method of service "expressly prohibited." *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980, 983 (N.D. Cal. 2020); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (finding that "compliance with the [Hague] Convention is mandatory in all cases to which it applies"); *see also Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 173 (2d Cir. 2025) (affirming dismissal for failure to serve where plaintiff did "not even attempt[] to comply with the Convention's requirements," and explaining that "the Hague Service Convention was not designed to ensure that the service of process in China is as efficient and fast as domestic service in the United States under the Federal Rules of Civil Procedure"); *Jones v. James Trading Co.*, 2019 WL 6354392, at *4 (C.D. Cal. July 3, 2019) ("[E]ven under California law, service on a foreign defendant must comply with the Hague Convention."). Importantly, China "objected to Article 10" of the Hague Convention, and it is "not within the Court's discretion" to authorize other methods of service. *CRS Recovery, Inc. v. Laxton*, 2008 WL 11383537, at *1 (N.D. Cal. Jan. 8, 2008).

While PDF has now evidently initiated the process of serving SMIC New Technology under the Hague Convention (Schreiber Decl. ¶ 5; Dkt. 22)—thereby tacitly acknowledging that that process is required—one thing is certain:  SMIC New Technology has not been effectively served in the United States. As noted, PDF's only effort to serve SMIC New Technology in the U.S. was to mail a copy of the summons and Petition "c/o SMIC, Americas" to SMIC, Americas' office in San Jose. Dkt. No. 12 (Summons); Dkt. No. 13 (purported proof of service). This does not come close to satisfying Rule 4.

Under Rule 4, service on a foreign respondent in the United States is effective only if done in a manner allowed by "state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 948 (9th Cir. 2016) (federal rules "permit service upon a corporation within the United States as prescribed by the law of the forum state or the state in which service is made"). "California law, in turn, permits service upon a

corporation by delivering a copy of the summons and the complaint to 'a general manager' of the corporation. [Cal. Civ. Proc. Code § 416.10(b).] A related service of process statute, California Corporations Code § 2110, permits service of process upon a foreign corporation transacting business in California by serving 'its general manager in this state.'" *Id.*

In short, to have effectuated service on SMIC New Technology in California, Petitioner must have served SMIC New Technology's "***general manager***" in the state. It did not, as SMIC New Technology does not have a "general manager" in California. To be a foreign Respondent's general manager, three requirements must be met: (i) there must be a parent-subsidiary relationship between the foreign Respondent and the domestic entity; (ii) a "sufficiently close connection" must exist between the parent and the subsidiary; ***and*** (iii) the foreign parent corporation must not otherwise be available for service. *Miller*, 636 F. App'x at 949. ***All three requirements must be met***. Here, however, Petitioner fails to satisfy any, let alone all, of them.

***First***, and dispositively, SMIC, Americas is not SMIC New Technology's subsidiary (or parent)—nor is it alleged to be. Wang Decl. ¶ 9; *Id*. Ex. 1 (reflecting that SMIC New Technology and SMIC, Americas are, at best, sister corporations). This renders purported mail service on SMIC New Technology "c/o SMIC, Americas" in San Jose facially ineffective from the outset. *See Jones*, 2019 WL 6354392, at *5–6 ("conclud[ing] that service … on [foreign corporate defendants] did not comply with Rule 4 or California Code of Civil Procedure section 413.10" because "Petitioner does not even allege in her FAC that [domestic entity served] is a subsidiary of [foreign Respondents]").

***Second***, even if there were a parent-subsidiary relationship between the two entities (there is not), "service through a subsidiary as general manager also requires a sufficiently close connection with the parent. This depends upon the frequency and quality of contact between the parent and the subsidiary [and] the benefits in California that the parent derives from the subsidiary." *Miller*, 636 F. App'x at 949. The Petition does not allege any such facts, nor could it. *See generally* Dkt. No. 1; *see also* Wang Decl. ¶¶ 4–6; 9–10; *id.* Exs. 1, 2. In fact, the Petition does not even *mention* SMIC, Americas.

***Third***, Petitioner has not shown that SMIC New Technology is otherwise unavailable for service. *See Miller*, 636 F. App'x at 949. On the contrary—as PDF has already acknowledged—SMIC New

Technology, as a Chinese corporation, is available for service through the Hague Convention. *See* Schreiber Decl. ¶ 4; Dkt. 22. As courts routinely explain, in "cases involving an American Petitioner and a Chinese Respondent, the Petitioner will serve the Respondent through the Chinese Central Authority, in accordance with the procedures outlined in the Hague Convention." *Jones*, 2019 WL 6354392, at *4, *9 (requiring service through Hague Convention; "[f]ailure to do so will be deemed abandonment of this action against these Respondents and result in dismissal for lack of prosecution"); *see also Herman Miller Inc. v. Alphaville Design Inc.*, 2009 WL 3429739, at *5 (N.D. Cal. Oct. 22, 2009) (effective service where a "certificate completed and signed by the Chinese Central Authority attesting that [Respondent] was served in conformity with the Hague Convention, and an attached proof of service were filed").

For each of these independent reasons, the Court should find that the purported service on SMIC New Technology by mailing the summons and Petition "c/o SMIC, Americas" to SMIC, Americas' San Jose address is ineffective. Indeed, as noted above, both this Court and the Central District recently rejected another plaintiff's efforts to serve a China-based sister corporation of SMIC, Americas by mailing the summons and Complaint to SMIC, Americas' San Jose office. The plaintiff in *High Sharp Electronic Ltd. v. Semiconductor Mfg. Int'l Corp.* originally filed its action in the Central District and purported to serve a Chinese corporation—Semiconductor Manufacturing South China Corporation ("SMSC")—by mailing the summons and complaint to SMIC, America's San Jose address. 2026 WL 974517, at *4 (N.D. Cal. Apr. 10, 2026) (Davila, J., granting motions to dismiss). The Central District held that "plaintiff's service of process on SMSC was insufficient" because the plaintiff had "not demonstrated that [SMIC, Americas] is the 'general manager' of SMSC" given the lack of a parent-subsidiary relationship or a "significantly close connection" between the entities. Schreiber Decl. ¶ 8, *id.* Ex. 2 at 13–14; *see also High Sharp*, 2026 WL 974517, at *4 ("In the Central District Action, the court found that Plaintiff's attempt to serve SMSC through [SMIC, Americas] was insufficient and granted SMSC's motion to dismiss on those grounds."). And, when the plaintiff subsequently re-filed the action in this Court, Judge Davila held that the plaintiff was barred from relitigating this issue and dismissed the case. *High Sharp*, 2026 WL 974517, at *4. Dismissal for lack of service is likewise required here.

## II.    This Court Lacks Personal Jurisdiction Over SMIC New Technology

Even assuming PDF had properly served SMIC New Technology (it has not), this Court would still be unable to exercise personal jurisdiction over SMIC New Technology, a nonresident respondent, because Petitioner cannot show that SMIC New Technology "has sufficient minimum contacts" with California, such that the exercise of jurisdiction over SMIC New Technology "does not offend traditional notions of fair play and substantial justice." *Cox v. CoinMarketCap OpCo LLC*, 112 F.4th 822, 834 (9th Cir. 2024). This analysis does not change because Petitioner is seeking to confirm a foreign arbitration award. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) ("[N]either the [New York] Convention nor its implementing legislation removed the district courts' obligation to find jurisdiction over the Respondent in suits to confirm arbitration awards."); *First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 748 (5th Cir. 2012), as revised (Jan. 17, 2013) ("[D]ismissal of a petition [to confirm a foreign arbitration award] under the New York Convention for lack of personal jurisdiction is appropriate as a matter of constitutional due process."). Petitioner bears the burden of establishing with ***admissible evidence*** that "the quality and nature of [SMIC New Technology's] activity is such that it is reasonable and fair to require [it] to conduct [its] defense in [California]." *Pavlovich v. Super. Ct.*, 29 Cal. 4th 262, 268 (2002); *Aurora Corp. of Am. v. Michlin Prosperity Co.*, 2015 WL 5768340, at *2 (C.D. Cal. Sept. 29, 2015) (same); *see also Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (courts may consider evidence presented in declarations in determining personal jurisdiction). Petitioner has not satisfied this burden, nor can it.

### A.    The Court Lacks General Jurisdiction Over SMIC New Technology

A court may assert general jurisdiction over a nonresident corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("Respondent must engage in continuous and systematic general business contacts … that approximate physical presence in the forum state."); *Vons Cos., Inc.. v. Seabest Foods, Inc.,* 14 Cal. 4th 434, 445 (1996) (similar). Corporate

Respondents are "at home" only in the state in which they are incorporated or the state in which they maintain their "principal place of business." *See Daimler*, 571 U.S. at 137. Here, it is undisputed that SMIC New Technology is *not* incorporated in California, and that its principal place of business is *not* located in California. On the contrary, the Petition concedes that SMIC New Technology "is a corporation incorporated under the laws of the People's Republic of China[,] with its principal place of business located at No. 18 Zhangjiang Road, Pudong New Area, Shanghai, PRC 201203." Dkt. No. 1, ¶ 2. That ends the inquiry.

### B.    The Court Lacks Specific Jurisdiction Over SMIC New Technology

This Court also lacks specific jurisdiction over SMIC New Technology. "To establish specific jurisdiction," Petitioner "***must***" prove that: (1) respondent "purposefully direct[ed] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; ***and*** (3) "the exercise of jurisdiction … comport(s) with fair play and substantial justice." *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171–72 (9th Cir. 2022); *see also Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1094 (9th Cir. 2023) ("Because [Ninth Circuit's] distinction between 'purposeful direction' and 'purposeful availment' is quite narrow, similar principles underlie both tests."); *Davis*, 71 F.4th at 1162 ("our cases do not impose a rigid dividing line between" purposeful direction and purposeful availment).

Here, Plaintiff provides only generic and conclusory allegations regarding SMIC New Technology's purported connections to California. *See* Dkt. No. 1 ¶ 5.

**Purposeful Availment/Direction.** At a minimum, Petitioner "must" prove that SMIC New Technology "(1) committed an intentional act, (2) expressly aimed at [California], (3) causing harm that [SMIC New Technology] knows is likely to be suffered in [California]." *Axiom Foods, Inc. v. Acerchem International, Inc*., 874 F.3d 1064, 1069 (9th Cir. 2017);  *Schwarzenegger.*, 374 F.3d at 806 (explaining "[a]ll three parts of the test must be satisfied"). But the Petition does not identify any intentional acts committed by SMIC New Technology in California that were expressly aimed at the state. Rather, it generically states that SMIC New Technology "purposefully availed itself of the benefits and protections

of the State of California and this District by negotiating, executing, and performing a contract with PDF, a company located and doing business in this District." *See* Dkt. No. 1 ¶ 5.

Such *de minimis* contacts, based on *Petitioner's* purported location, are insufficient to establish jurisdiction. *See Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) ("analysis is driven by the defendant's contacts with the forum state—*not the plaintiff's* or other parties' forum connections"); *Nifty Quarter Inc. v. Fresh Folded Laundry LLC*, 2023 WL 5246343, at *7 (S.D. Cal. Aug. 15, 2023) (contacts based on "Plaintiff's residence [in California]" and "Defendants' communications to Plaintiff in California" are "not sufficient" because "defendant's 'own contacts' *with the forum*, not the defendant's knowledge of a plaintiff's connection to a forum must drive the analysis") (emphasis in original); *see also Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990) ("phone calls" and "exchange of an invoice and a purchase order" with in-forum plaintiff are "insufficient" to establish purposeful availment). Petitioner cannot plead—let alone prove—that SMIC New Technology intentionally targeted its conduct at California. Contact with Petitioner, who resides here, is not sufficient. *See Swenberg v. Dmarcian, Inc.*, 68 Cal. App. 5th 280, 292 (2021) (plaintiff must provide "evidence [that] the nonresident defendant intentionally targeted [its] conduct at [California] and not just at a plaintiff who lives in that state").

Petitioner's bald assertion that the contract at issue was "performed in whole or in substantial part in this District" (Dkt. No. 1 ¶ 5) is also inaccurate. In point of fact, the disputed services provided by PDF under the parties' contracts (that gave rise to the underlying arbitration) were performed in Shanghai, at SMIC New Technology's facilities—not in California. Ye Decl. ¶ 3; s*ee Selhorst v. Alward Fisheries, LLC*, 2011 WL 4974568, at *6 (N.D. Cal. Oct. 19, 2011) (no personal jurisdiction where California plaintiff was hired to work on vessel in Alaska and injured on vessel in Alaska because contract "concerned fishing activities in Alaska only," "no part of the contract was performed in California, and any payments sent to California would be dependent on Plaintiff's work in Alaska"); *Sarkis v. Lajcak*, 2009 WL 336079, at *3-4 (N.D. Cal. Oct. 15, 2009) (no personal jurisdiction where contract was performed entirely in Bosnia even though it was negotiated by phone and email with California plaintiff and payments were sent to California); *see also HK China Grp., Inc. v.*

*Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 F. App'x 664, 666 (9th Cir. 2011) (finding communications with California resident could not "overcome the lack of any indicia of a calculated effort by the [foreign] defendant to conduct business" in California); *180Squared, Inc. v. Allo Twin Cities LLC*, 2013 WL 12146129, at *5–6 (N.D. Cal. Jan. 18, 2013) (finding no personal jurisdiction where defendant had no physical presence in California, and any work that required defendants' physical presence was completed in a different state, despite fact the California plaintiff "performed most of the work on the contract (software design and development, and remote installation) while in California"); *BDC Advisors, LLC v. JFK Health Sys, Inc.*, 1998 WL 283581, at *1, 3–4 (N.D. Cal. May 22, 1998) (finding no personal jurisdiction where, although defendant sought consulting services from California resident plaintiff who performed "majority of … work" on contract in California, plaintiff's "consulting strategy was based on its familiarity with New Jersey [healthcare market]").

All that remains is Petitioner's argument that SMIC New Technology entered into a contract with a California resident. This alone does not establish sufficient "minimum contacts" between a foreign respondent and the forum state for purposes of personal jurisdiction. *See Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (finding "statement that [plaintiffs] 'performed 90% of their activities in [California],' even if accurate, describe[d] only unilateral activity" that "fail[ed] to create personal jurisdiction over [defendant]"); *Teetex LLC v. Zeetex, LLC,* 2022 WL 17420385, at *5, n. 3 (N.D. Cal. Dec. 5, 2022) ("[T]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Wickline v. United Micronesia Dev. Assoc., Inc.*, 2014 WL 2938713, at *7 (N.D. Cal. June 30, 2014) (finding "the fact that plaintiff performed the majority of his duties in California, his place of residence, . . . [was] insufficient to establish purposeful availment" where plaintiff did not allege "any of his duties or obligations under the contract were directed at California residents or … businesses"). Nor can Plaintiff satisfy the "purposeful availment" test, which requires it to prove that SMIC New Technology's "dealings with [California] establish[] a 'quid pro quo'" whereby SMIC New Technology "purposefully avail[ed] itself of the privilege of conducting activities within [California], thus invoking the benefits and protections of

its laws." *Davis*, 71 F.4th at 1163.

**Fair Play/Substantial Justice:** Petitioner's "failure to satisfy its burden under the first prong of the specific jurisdiction test … precludes the Court from exercising specific jurisdiction over [SMIC]"; accordingly, "the Court need not address whether [Petitioner] satisfies the other two prongs of that test." *Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1061–62 (N.D. Cal. 2022); *see Schwarzenegger*, 374 F.3d at 807, n.1 (similar). Regardless, jurisdiction over SMIC New Technology would "offend traditional notions of fair play and substantial justice" and violate "[t]he protection against inconvenient litigation." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 286, 292 (1980). Indeed, it is "unreasonable and unfair" for this Court to exercise personal jurisdiction over SMIC New Technology, a corporation incorporated under the laws of the People's Republic of China, with its principal place of business in Shanghai, China, because the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 114, 116 (1987).

The Court also lacks quasi in rem jurisdiction over SMIC New Technology since the company does not own any assets located in California. *See Glencore Grain*, 284 F.3d at 1127; Wang Decl. ¶ 5.

**III.    Even if Service and Personal Jurisdiction Were Both Proper, This Action Should Be Stayed in Light of the Competing, Prior-Filed Application in Hong Kong**

As Petitioner acknowledges, "SMIC [New Technology] has … applied for an order setting aside the Final Award in the High Court of the Hong Kong Special Administrative Region Court of First Instance." *See* Dkt. No. 1 ¶ 19. If this Court were to proceed with prosecution of the Petition in this case, it would result in parallel, competing actions, one to enforce the Hong Kong Award and another to vacate it, which would result in inefficiencies and possible inconsistent rulings. Accordingly, in the event that the Court were to conclude *both* that service of process was sufficient (it was not) *and* that it has personal jurisdiction over SMIC New Technology (it does not), SMIC New Technology would promptly move the Court to stay or adjourn this later-filed action pending the outcome of the active proceeding before the Hong Kong Court. *See* Article VI of Convention on the Recognition and Enforcement of Foreign

Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention") (explaining that "[a] court has discretion to adjourn enforcement proceedings where an application has been made in the originating country to have the arbitral award set aside or suspended"); *Green Renewable Organic & Water Holdings, LLC v. Bloomfield Invs., LLC,* 2022 WL 6271915, at *3–5 (N.D. Cal. Sep. 22, 2022) (applying *Europcar* and granting motion to stay).

**CONCLUSION**

For the foregoing reasons, the Court should grant SMIC New Technology's Motion to Dismiss without leave to amend.

Dated: May 29, 2026        **WINSTON & STRAWN LLP**

By: */s/ John E. Schreiber*
     John E. Schreiber
     Brandon W. Annette

*Attorneys for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*