John E. Schreiber (SBN: 261558)
JSchreiber@winston.com
Brandon W. Annette (SBN: 339385)
BAnnette@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave.
Los Angeles, CA 90071-1543
Telephone:    +1 213-615-1700
Facsimile:    +1 213-615-1750

*Attorneys for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PDF SOLUTIONS, INC., <br><br> Petitioner, <br><br> v. <br><br> SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION F/K/A SMIC ADVANCED TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORP., <br><br> Respondent. | **Case No. 5:26-cv-2796** <br><br> **SPECIALLY APPEARING RESPONDENT SMIC NEW TECHNOLOGY'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE** <br><br> *(Filed concurrently with Specially Appearing Respondent's Motion to Dismiss)* <br><br> Assigned to:        Eumi K. Lee <br><br> Complaint Filed:    March 31, 2026 <br> Trial Date:          None Set |

SPECIALLY APPEARING RESPONDENT'S REQUEST FOR JUDICIAL NOTICE

CASE NO. 5:26-cv-2796

## REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Specially Appearing Respondent SMIC New Technology Research & Development (Shanghai) Corporation F/K/A SMIC Advanced Technology Research & Development (Shanghai) Corp. ("SMIC New Technology" or "Specially Appearing Respondent") respectfully requests that the Court take judicial notice of certain documents. While "[g]enerally, district courts may not consider material outside the pleadings when assessing [motions to dismiss] …, [j]udicial notice and incorporation by reference are exceptions to this rule." *Petersen v. Natera, Inc.*, 2025 WL 2209542, at \*3 (N.D. Cal. Aug. 4, 2025) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). SMIC New Technology requests that the following documents be judicially noticed and/or incorporated by reference:

**1.** A true and correct copy of a document attached as **Exhibit A** to the Declaration of John E. Schreiber in Support of Request for Judicial Notice ("RJN Declaration"), filed concurrently herewith. This document is the Order on Defendants Semiconductor Manufacturing International Corporation's and Semiconductor Manufacturing South China Corporation's Motions to Dismiss issued by the Honorable Christina A. Snyder of the Central District of California, in the case captioned *High Sharp Electronic Limited v. Semiconductor Manufacturing South China Corporation et al.*, Case No. 2:23cv08934-CAS-AGR (C.D. Cal. 2023), at Dkt. No. 61.

**2.** A true and correct copy of a document attached as **Exhibit B** to the RJN Declaration. This document is the 2025 Annual Report of Semiconductor Manufacturing International Corporation ("SMIC"), the parent company of Specially Appearing Respondent, filed with the Hong Kong Stock Exchange.

**3.** A true and correct copy of a document attached as **Exhibit C** to the RJN Declaration. This document is SMIC, Americas' statement of information filed with the California Secretary of State.

**4.** A true and correct copy of a document attached as **Exhibit D** to the RJN Declaration. This document is SMIC New Technology's originating summons regarding the application to set aside the award filed with the High Court of Hong Kong.

Under Federal Rule of Evidence 201, a court may "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Exhibits A–C  are publicly available documents.

These documents are "matters of public record" whose accuracy cannot reasonably be questioned, and are therefore subject to judicial notice. *See Khoja*, 899 F.3d at 999 (under FRE 201, a "court may take judicial notice of matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings from prior case); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same). Accordingly, the Court should take judicial notice of Exhibits A through C.

Additionally, the incorporation-by-reference doctrine allows courts to consider documents referenced in the complaint when analyzing a motion to dismiss. *See Sanchez-Martinez v. Freitas*, 2024 WL 4309277, at *2 (N.D. Cal. Sept. 26, 2024) (citing *Khoja*, 899 F.3d at 999). The purpose of this doctrine "is to prevent a plaintiff from cherry-picking certain portions of documents that support his claims, while omitting portions that weaken his claims." *Id.* "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When documents are incorporated by reference, "the court may treat such a document as part of the complaint, and may assume the truth of the document's contents for purposes of a motion to dismiss[.]" Sanchez-*Martinez*, 2024 WL 4309277, at *2. Exhibit D, attached to the RJN Declaration, is SMIC New Technology's originating summons regarding the application to set aside the award filed with the High Court of Hong Kong. The underlying application is referred to in the Petition (*see* Dkt. 1 ¶ 9), and Petitioner cannot reasonably question Exhibit D's authenticity, as it relies on the application to allege that the SMIC New Technology has "failed or refused to satisfy the Final Award." *See id.* Therefore, Exhibit D meets the requirements of the incorporation-by-reference doctrine, and the Court should assume the truth of its contents for purposes of analyzing Defendant SMIC New Technology's Motion to Dismiss.

Dated:  May 29, 2026                    **WINSTON & STRAWN LLP**


By: */s/ John E. Schreiber*
     John E. Schreiber

*Attorney for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH &*
*DEVELOPMENT (SHANGHAI) CORPORATION*