John E. Schreiber (SBN: 261558)
John.Schreiber@winstontaylor.com
Brandon W. Annette (SBN: 339385)
Brandon.Annette@winstontaylor.com
Megan K. Arian (SBN: 358584)
Megan.Arian@winstontaylor.com
**WINSTON TAYLOR LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: +1 213-615-1700
Facsimile: +1 213-615-1750

*Attorneys for Specially Appearing Respondent SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PDF SOLUTIONS, INC.,<br><br>Petitioner,<br><br>v.<br><br>SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION,<br><br>Respondent. | Case No. 5:26-cv-2796<br><br>**SPECIALLY APPEARING RESPONDENT SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION'S CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Assigned to: Judge Eumi K. Lee<br><br>Courtroom: 7<br><br>Petition Filed: March 31, 2026<br><br>Trial Date: None Set |

**PRELIMINARY STATEMENT**

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California and the Court's Order denying without prejudice Petitioner's March 31, 2026 Administrative Motion to Seal, entered in this action on August 20, 2026 (Dkt. No. 43) ("Court's Order"), Specially Appearing Respondent SMIC New Technology Research & Development (Shanghai) Corporation F/K/A SMIC Advanced Technology Research & Development (Shanghai) Corp. ("SMIC New Technology" or "Specially Appearing Respondent") respectfully submits this Administrative Motion to File Under Seal certain portions of Exhibit 1 to the Petition (Dkt. No. 1-1). The targeted portions for which sealing is sought are highlighted on the document sought to be sealed pursuant to Civil L.R. 79-5(e)(2).

Exhibit 1 to the Petition, the November 12, 2025 Final Award ("Arbitration Award"), contains Specially Appearing Respondent's highly confidential, commercially sensitive, and forward-looking business, financial, pricing, and strategy information that, if publicly disclosed, would harm Specially Appearing Respondent's competitive standing. It also contains sensitive personal information and allegations that can be used only to promote a public scandal or circulate libelous statements. The Parties have met and conferred, and Petitioner does not stipulate to SMIC New Technology's Motion at this time.

**LEGAL STANDARD**

Courts enjoy broad discretion in permitting the filing of documents under seal upon a showing of good cause. *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015); Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ….").

Although there is a presumption in favor of public access to court records, a party may overcome that presumption in favor of sealing the records by articulating "a compelling reason" that outweighs the public interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). A "compelling reason" exists where "'court files might … become a vehicle for improper purposes,' such as the use of

records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)). "While protecting the public's interest in access to the courts, [the court] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). A party seeking to seal a judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for sealing that outweigh the public policies favoring disclosure." *In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) (citing *Kamakana*, 447 F.3d at 1178).

## ARGUMENT

Here, Specially Appearing Respondent seeks to narrowly redact one exhibit attached to the Petition that contains (1) competitively sensitive and confidential financial projections and estimates, including forward-looking business revenues, prices, and sales (Exhibit 1, Annex G and Para. 684.3); and (2) contested allegations involving personal attacks on the then co-CEO and legal counsel to SMIC New Technology and its parent company that could be improperly used to promote public scandal (Exhibit 1, Paras. 26, 805, and 815). The harm that SMIC New Technology would suffer from the release of such confidential and sensitive information outweighs the public's interest in access to all language in this Exhibit, as described in further detail below.

### A. Financial Projections

SMIC New Technology seeks to redact portions of the Arbitration Award because it contains or discusses highly sensitive and confidential business information, including SMIC New Technology's forward-looking revenue, pricing, and sales projections through 2031, which would harm SMIC New Technology if disclosed to its competitors. SMIC New Technology also seeks to narrowly redact product-specific historical pricing and sales estimates prepared by the claimant's expert witness in the underlying arbitration that are inherently unreliable and misleading, and would likely cause harm to SMIC New Technology if disclosed to the public, including by creating false perceptions of SMIC New Technology's historical pricing and sales volume.

Limited redactions are warranted under the foregoing case law to protect the confidentiality of this commercially-sensitive information. "Courts have long acknowledged that the risk of competitive harm

through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents." *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at *1; *see also Ctr. for Auto Safety*, 809 F.3d at 1096. And courts in this circuit have routinely found compelling reasons to seal documents containing "financial information," as well as "information regarding the parties' prospective business plans … and strategies." *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (collecting cases); *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms"); *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons to seal "confidential financial information"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information"); *FullView, Inc. v. Polycom, Inc.*, 635 F. Supp. 3d 917, 929 (N.D. Cal. 2022), *aff'd*, 2024 WL 1843686 (Fed. Cir. Apr. 29, 2024) (citing *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. 2015)) ("Litigants may file under seal documents reflecting confidential, trade secret, and proprietary information related to a party's products and business practices."). In particular, "financial performance and projection information is highly confidential and routinely sealed." *San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (finding sealing of both past financial performance and future projections was needed "to protect [sealing party's] competitive position in the marketplace").

Because disclosure of the competitive and commercially sensitive information identified would harm Specially Appearing Respondent's competitive standing, compelling reasons exist to narrowly redact the Arbitration Award. *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) ("The disclosure of business information that could create competitive harm is a compelling reason to seal."); *In re Electronic Arts, Inc.*, 298 F. App'x at 569 (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2024 WL 4394758, at *2 (N.D. Cal. Oct. 3, 2024) (citing *Prolifiq Software Inc. v. Veeva Sys. Inc.*, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014)) ("Courts in this district have routinely sealed documents that contain … confidential or proprietary information that may cause competitive harm if

disclosed."); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)).

**B. Personal Attacks on SMIC New Technology's High-Ranking Employees**

Compelling reasons sufficient to outweigh the public's interest in disclosure also exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The proposed redactions fall squarely within these categories. Specifically, paragraphs 26, 805, and 815 of the Arbitration Award contain personal allegations against the then co-CEO and legal counsel to SMIC New Technology and its parent company that bear no relevance to the merits of the underlying arbitration or its enforcement. These allegations serve no legitimate purpose in this proceeding; their only conceivable use would be to generate public scandal or circulate libelous statements. Because these allegations are wholly irrelevant to the enforcement of the Arbitration Award, the potential harm to SMIC New Technology from public disclosure significantly outweighs any marginal public interest in access to this information.

Sealing these narrow redactions is also consistent with the confidentiality protections governing the underlying arbitration. Article 45.1 of the 2018 HKIAC Arbitration Rules establishes a general prohibition on disclosing arbitration information or awards unless the parties agree otherwise. While an exception exists for disclosures necessary to enforce an arbitration award, that exception does not extend to the personal allegations SMIC New Technology seeks to redact. These allegations are entirely unnecessary to enforce the Arbitration Award—they concern personal matters unrelated to the substantive claims or relief at issue. Accordingly, the HKIAC Rules' confidentiality framework further supports redacting this information to prevent its misuse for public scandal.

## CONCLUSION

For the foregoing reasons, the Court should grant SMIC New Technology's Administrative Motion to File Under Seal.

Dated: September 10, 2026

**WINSTON TAYLOR LLP**

By: */s/ John E. Schreiber*
John E. Schreiber
Brandon W. Annette
Megan K. Arian

*Attorneys for Specially Appearing Respondent SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION*