Daniel B. Ravicher (*pro hac vice*)
dan@zeisler-law.com
**ZEISLER PLLC**
80 SW 8th St., Ste 3110
Miami, FL 33130
Telephone: +1 786-505-1205

Sumana C. Wolf (SBN: 267967)
sumana@zeisler-law.com
**ZEISLER PLLC**
524 Lorraine Blvd
Los Angeles, CA 90020
Telephone: +1 310-871-3383

*Attorneys for Petitioner PDF SOLUTIONS, INC.*

John E. Schreiber (SBN: 261558)
John.Schreiber@winstontaylor.com
Brandon W. Annette (SBN: 339385)
Brandon.Annette@winstontaylor.com
Michael J. Franco (SBN: 359785)
Mike.franco@winstontaylor.com
**WINSTON TAYLOR LLP**
333 S. Grand Ave.
Los Angeles, CA 90071-1543
Telephone: +1 213-615-1700
Facsimile: +1 213-615-1750

*Attorneys for Specially Appearing Respondent SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PDF SOLUTIONS, INC.,<br><br>Petitioner,<br><br>v.<br><br>SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION F/K/A SMIC ADVANCED TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORP.,<br><br>Respondent. | **Case No. 5:26-cv-2796-EKL**<br><br>**JOINT STATUS REPORT ON THE HONG KONG PROCEEDING AND PETITIONER'S ATTEMPTS TO SERVE SPECIALLY APPEARING RESPONDENT UNDER THE HAGUE CONVENTION**<br><br>Petition Filed: March 31, 2026<br>Trial Date: None Set<br>Assigned to: Hon. Eumi K. Lee<br>Hearing Date: December 9, 2026 |

**JOINT STATUS REPORT**

Pursuant to the Court's August 20, 2026 Order, Petitioner PDF Solutions, Inc. ("Petitioner" or "PDF") and Specially Appearing Respondent SMIC New Technology Research & Development (Shanghai) Corporation F/K/A SMIC Advanced Technology Research & Development (Shanghai) Corp. ("Specially Appearing Respondent" or "SMIC New Technology," collectively with PDF, the "Parties"), by and through their undersigned counsel, respectfully submit this joint status report providing an update regarding: (1) the proceedings to set aside the arbitration award pending before the Hong Kong Court of First Instance; and (2) Petitioner's efforts to serve SMIC New Technology through the Hague Convention on Service.

## I. THE HONG KONG PROCEEDING

On February 10, 2026, SMIC New Technology filed an action in the Hong Kong Court of First Instance (the "Hong Kong Court") seeking to set aside the underlying Hong Kong arbitration award (the "Award"). PDF opposed that action and filed its own application with the Hong Kong Court seeking to enforce the Award. At PDF's request, the competing actions were consolidated, and, on September 4, 2026, the Hong Kong Court held a substantive hearing on the dueling applications. At the close of the hearing, the Hong Kong Court indicated that it would aim to issue a judgment within three months, i.e., on or around December 4, 2026. To date, the Hong Kong Court has not issued its judgment.

**PDF's Position:**

PDF opposes adjourning the December 9, 2026, hearing. That hearing is on SMIC New Technology's motion to dismiss for insufficient service of process and lack of personal jurisdiction. Dkt. 23. Those are threshold questions concerning this Court's authority over SMIC New Technology. They do not depend on the outcome of the Hong Kong proceeding, and the Hong Kong Court will not decide them. Resolving them now will advance this action whatever the Hong Kong Court does, while deferring them will only add delay.

Nor is an adjournment needed to await the Hong Kong Court's ruling. As noted above, the Hong Kong Court indicated that it expects to issue its judgment on or around December 4, 2026, before the scheduled hearing. If the judgment issues before December 9, the Court will have it in hand at the hearing. If it does not, that is no reason to postpone resolution of the threshold issues raised by SMIC New

Technology's own motion, and an adjournment tied to the timing of a foreign court's ruling, and potentially any appeal from it, risks indefinite delay. SMIC New Technology's assertion that the Hong Kong Court's ruling will moot this action assumes that the Hong Kong Court will set the Award aside; if it instead upholds the Award, the asserted basis for delay disappears.

Whether labeled a continuance or a stay, SMIC New Technology's request would defer resolution of the threshold issues raised by its own motion. SMIC New Technology itself stated that it would move for a stay only if its motion to dismiss were denied. Dkt. 23 at 11–12. Any such request should be presented by noticed motion so that the Court can evaluate it on a full record, and PDF will oppose it. As PDF has explained, years have passed since SMIC New Technology failed to pay the amounts it owes PDF, and further delay only compounds the harm to PDF. Dkt. 35 at 1–2.

PDF therefore respectfully requests that the hearing proceed as scheduled on December 9, 2026, and proposes that the Parties file a joint notice, attaching a copy of the Hong Kong Court's judgment, within three (3) business days after that judgment issues.

**SMIC New Technology's Position**:

Given the complete overlap between the issues presented by this action and those presented in the earlier-filed, pending action in the Hong Kong Court, SMIC New Technology respectfully submits that the Court should, in the interest of judicial efficiency, further continue the hearing in this action currently scheduled for December 9, 2026, and direct the Parties to submit a further joint status report within five (5) business days following the issuance of the Hong Kong Court's ruling, or by February 1, 2027, whichever comes first.[1] If, as SMIC New Technology expects, the forthcoming ruling by the Hong Kong Court moots this action entirely, then the questions of whether SMIC Technology has been properly served in this action and whether this Court has personal jurisdiction over SMIC New Technology will be rendered irrelevant. In the alternative, given PDF's apparent abandonment of efforts to properly serve SMIC New Technology pursuant to the Hague Convention (as discussed immediately below), the Court should dismiss this action without prejudice for insufficient service of process.

---

[1] *See In re Doe*, 50 F.4th 1247, 1252 (9th Cir. 2022) (explaining the distinction between a continuance and a stay).

## II. ATTEMPTS TO SERVE UNDER THE HAGUE CONVENTION

PDF filed its Petition on March 31, 2026. Dkt. No. 1. On April 8, 2026, PDF delivered the summons and Petition to SMIC New Technology in care of SMIC, Americas in San Jose, California, Dkt. No. 13, and PDF also provided the Petition to SMIC New Technology's counsel in the underlying arbitration, in the Hong Kong proceeding, and in this action. *See* Dkt. No. 37. On May 29, 2026, SMIC New Technology moved to dismiss, contending, among other things, that it must be served in China through the Hague Convention. Dkt. No. 23.

In May 2026, PDF retained a law firm that specializes in service under the Hague Convention, which conducted a verification of SMIC New Technology's registered corporate name and address in the People's Republic of China. Based on that verification, PDF requested, and on June 2, 2026, the Clerk issued, a summons reflecting SMIC New Technology's registered name and address. Dkt. Nos. 22, 30. The remaining steps of the Hague process are translation of the documents to be served into Simplified Chinese and submission of a request to China's Central Authority under Article 5 of the Convention. PDF has not yet taken those remaining steps, for the reasons stated below.

**PDF's Position:**

PDF's position is that service under the Hague Convention is not required. Under binding Ninth Circuit precedent, service of an application to confirm a foreign arbitral award on a party that is not available for service within the United States is governed by Federal Rule of Civil Procedure ("Rule") 5, not Rule 4. Voltage Pictures, LLC v. Gussi, S.A. de C.V., 92 F.4th 815, 830–32 (9th Cir. 2024). PDF served the Petition in compliance with Rule 5, including on SMIC New Technology's counsel in the arbitration, in the Hong Kong proceeding, and in this action. Dkt. 35 at 7–11; Dkt. 37. SMIC New Technology has had actual notice of this proceeding since its outset and has appeared through counsel and fully briefed its motion.

Nonetheless, out of an abundance of caution, PDF initiated the Hague process in May 2026, as described above. Completing that process will be costly and slow. The documents to be served total approximately 415 pages, all of which must be translated into Simplified Chinese. PDF's Hague service provider has estimated the cost of translation and transmittal at more than $20,000 and has estimated that obtaining proof of service through China's Central Authority will take approximately 18 to 24 months

from submission. Because whether Hague service is required at all is a question presented by SMIC New Technology's pending motion, PDF has deferred incurring those costs pending the Court's ruling on that motion. PDF has not abandoned Hague service.

SMIC New Technology's request for dismissal is the subject of its fully briefed motion set for hearing on December 9, 2026, and is not properly raised in a status report. In any event, where service is found insufficient, the Court has discretion to quash service rather than dismiss the action. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). Dismissal would be particularly unwarranted here, where the time limit of Rule 4(m) does not apply to service in a foreign country, Fed. R. Civ. P. 4(m).

**SMIC New Technology's Position**:

As explained in its motion to dismiss (Dkt. No. 23 at 9–13), service of process on SMIC New Technology in this action must be effectuated pursuant to Rule 4 in accordance with the Hague Convention. Having initiated efforts to serve SMIC New Technology pursuant to the Hague Convention, PDF now appears to have effectively abandoned that effort. This Court should, as a result, dismiss this action without prejudice for insufficient service of process.

Dated: November 24, 2026

**ZEISLER PLLC**

By: */s/ Daniel B. Ravicher*
Daniel B. Ravicher

*Attorney for Petitioner*
*PDF SOLUTIONS, INC.*

**WINSTON TAYLOR LLP**

By: */s/ John E. Schreiber*
John E. Schreiber

*Attorney for Specially Appearing Respondent*
*SMIC NEW TECHNOLOGY RESEARCH & DEVELOPMENT (SHANGHAI) CORPORATION*

**ECF ATTESTATION**

I, John E. Schreiber, attest that all other signatories listed and on whose behalf the filing is submitted concur in the filing's content and have authorized the e-filing of the foregoing document, in compliance with Local Rule 5-1(i)(3).

By: *<u>/s/ John E. Schreiber</u>*
John E. Schreiber